David Zachary Wiseman (AZ: 029758)
Liesel B. Stevens (*Pro Hav Vice pending*)
Beth J. Ranschau (*Pro Hac Vice pending*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
branschau@rqn.com
lstevens@rqn.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL G. AMANN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL, SEAN REYES, BRIDGET ROMANO, and TYLER GREEN, in their official and individual capacities.<br><br>　　　　Defendants. | **MOTION TO COMPEL AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Matter currently pending in the United States District Court for the District of Utah<br><br>Case No. _____ |

　　　Defendant Office of the Utah Attorney General, by and through its counsel, hereby files this Motion to Compel and Supporting Memorandum of Points and Authorities and respectfully requests that the Court order Wanda Amann to comply with a subpoena relating to an action pending in the United States District Court of the District of Utah, pursuant to Rules 37 and 45 of

the Federal Rules of Civil Procedure and Local Rule 37.1. This Motion is supported by a Memorandum of Points and Authorities below.

## MOTION TO COMPEL

Rule 37(a)(1), Fed. R. Civ. P., provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The certificate is included below.

I.   BRIEF FACTUAL BACKGROUND

Paul Amann is the Plaintiff in a wrongful termination lawsuit filed in the United States District Court for the District of Utah. Wanda Amann is Plaintiff's wife. Ms. Amann was disclosed by Plaintiff as a witness with knowledge in support of his claims and deposed by Defendant in the Utah federal wrongful termination action. During that deposition, Ms. Amann testified under oath that she resides at 534 East Spring Street, Kingman, Arizona (W. Amann Dep. 6:17-21, deposition attached hereto as Exhibit 1). Because Ms. Amann testified that she had documents in her possession that are relevant to the claims in this matter, Defendant subsequently issued a document subpoena to Ms. Amann on August 17, 2021. (Subpoena attached hereto as Exhibit 2.)   Ms. Amann refused to accept service of this subpoena through Mr. Amann's counsel, as she had for her deposition. A process server attempted to serve the subpoena at Ms. Amann's Arizona residence. (Return of Non-Service attached hereto as Exhibit 3.) They could not locate Ms. Amann at the address provided, and a tenant informed the process server that there was no Wanda Amann there. (*Id.*) Subsequently, after filing a motion and with leave of the Utah court to serve Ms. Amann via email, Defendant's attorney served the subpoena

by sending it to Ms. Amann's email addresses: wa5239@msn.com, wandaamann@gmail.com. (*See* service email attached hereto as Exhibit 4.) Ms. Amann used email to correspond with other witnesses and the court reporter as recently as May and August 2021. (*See* W. Amann emails attached hereto as Exhibit 5.) Ms. Amann has disregarded the subpoena and failed to respond. Defendant's counsel again reached out to Mr. Amann's attorney in the Utah action, April Hollingsworth, to see if she would accept service of the subpoena for Ms. Amann as she had for her deposition, but counsel refused. (Email from A. Hollingsworth, attached hereto as Exhibit 6.)

Defendant then filed a Motion to Compel Wanda Amann's Production of Documents in Utah Federal District Court on April 26, 2022. This was motion was denied on August 8, 2022, on jurisdictional grounds (*See* Order attached hereto as Exhibit 7). The court specifically said that Defendant could not establish the place of Ms. Amann's residence or employment, and "the only other place of compliance listed in the subpoena is Arizona." (*Id.* at p. 4). Thus, Defendant files the instant Motion to Compel in this federal Arizona court.

Despite substantial efforts, Defendant has been unable to procure a response to the subpoena from Ms. Amann. Defendant respectfully asks this court to compel Ms. Amann's compliance with its subpoena.

**II.    LRCIV. 37.1 REQUIREMENTS**

Local Rule 37.1 provides that a motion to compel discovery shall set forth, "separately from a memorandum of law, the following in separate, distinct, numbered paragraphs: (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation, or response is deficient." LRCiv 37.1. However, this "requirement shall not

apply where there has been a complete and total failure to respond to a discovery request or set of discovery requests." *Id.* Ms. Amann has not produced any records in response to AGO's subpoena. Accordingly, Defendant respectfully requests that the Court compel Ms. Amann to comply with this subpoena. Namely, to produce:

1. All emails sent to or from wa5239@msn.com and wandaamann@gmail.com or any other email address used by Ms. Amann, between January 1, 2013 and the present, relating to or mentioning the following:

   a. Cynthia Poulson;
   b. Craig Barlow;
   c. Sean Reyes;
   d. Alan Crooks;
   e. Jason Hanks;
   f. Lee Rech;
   g. Amann's employment with AGO and the termination of his employment;
   h. Amann's claims against Defendants in this Lawsuit;
   i. Amann's alleged whistleblowing or protected activities while employed by AGO;
   j. The letter and packet anonymously sent to Barry Page at NCFI regarding Cynthia Poulson;
   k. The anonymous packets regarding Cynthia Poulson sent to the Utah Board of Pardons, Scotty's Auto Repair, her LDS bishop, or kickboxing gym; and
   l. Lynn Packer and/or The Packer Chronicles.

2. The envelope and/or any documents Ms. Amann received from Lynn Packer regarding Amann's affair with a judge, about which Ms. Amann testified in her deposition.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. THIS ARIZONA COURT HAS JURISDICTION TO ENFORCE THE SUBPOENA.**

Under Fed. R. Civ. P. 45(c)(2), a court has the authority to order compliance with a

4

subpoena for the production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2).

Ms. Amann testified under oath that she resides at 534 East Spring Street, Kingman, Arizona (W. Amann Dep. 6:17-21, Ex. 1). Subsequently she identified her address as 526 East Spring Street, Kingman, AZ 86491. (Motion to Quash Subpoenas, attached as Exhibit 12.) The subpoena required the production of documents at "MHR & Associates, 543 East Andy Devine Ave., Ste A, Kingman, AZ 86401 or send directly to Liesel Stevens at address below (listed as Ray Quinney & Nebeker, 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, lstevens@rqn.com." (Subpoena, Ex. 2). MHR is .3 miles from Ms. Amann's residence and within the distance for ordering compliance with the subpoena.

## II. THE MOTION TO COMPEL STANDARD.

Federal Rules 26(b) states that discovery may be obtained on "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(l). Rule 26 further states that, "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." As shown below, good cause exists to order Ms. Amann to provide the requested documents sought in this motion. Rule 45 provides for the subpoena of relevant documents. Fed. R. Civ. P. 45.

## III. DEFENDANT'S REASONABLE ATTEMPTS TO SERVE MS. AMANN AND OBTAIN SUBPOENAED DOCUMENTS.

1. In the United States District Court for the District of Utah, Plaintiff Paul Amann has sued the Office of the Utah Attorney General, Utah Attorney General Sean Reyes, former Chief Civil Deputy Bridget Romano, and former Solicitor General Tyler Green for unlawful termination under the Utah Protection of Public Employees Act, Utah Code Ann. § 67-21-1, et

seq. and for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In addition, Plaintiff has sued Attorney General Reyes, Mr. Green and Ms. Romano, in their individual and official capacities, for violating his free speech and due process rights in violation of 42 U.S.C. § 1983.

2. Plaintiff's wife, Ms. Amann, was identified as a supporting witness in Plaintiff's Rule 26 Initial Disclosures, as having "information regarding Plaintiff's claims as well as damages." (*See* Initial Disclosures attached hereto as Exhibit 8.)

3. Instead of providing her contact information, those disclosures stated that "Ms. Amann can be reached through" Plaintiff's counsel. (*Id*.)

4. Defendants deposed Ms. Amann on August 13, 2021. Plaintiff's counsel accepted service of a notice of her deposition.

5. Ms. Amann stated in the deposition (conducted via zoom) that she was then testifying from her apartment at 534 East Spring St., Kingman, Arizona. (W. Amann Dep.6:17-21, Ex. 1.)

6. Ms. Amann also testified that she has a home in Utah. (*Id*. 51:21-25.)

7. During the deposition, Ms. Amann described documents that are relevant to Mr. Amann's wrongful termination case, including a statement that she said she received in an envelope that contained "negative information about her husband" indicating that it was "definitely" sent by "somebody in the attorney general's office." (*Id*. 48-50.) When asked if she still had a copy of the statement and envelope, Ms. Amann answered "I do." (*Id*., 50:5-7.)

8. Ms. Amann also testified that she had email communications with her husband at his AGO email address and with General Reyes's campaign staff. (*Id*. 127-29, 131, 143-44).

9. On August 17, 2021, AGO issued a subpoena to Ms. Amann for documents, including the statement she described in her deposition and other relevant emails that Ms. Amann said she sent/received from her MSN email address. (Subpoena Ex. 2.)

10. Plaintiff's counsel declined to accept service of the subpoena. (Ex. 6.)

11. Defendant next attempted to serve the subpoena on Ms. Amann at the 534 East Spring St., Kingman, Arizona address. However, the process server could not locate Ms. Amann at that address and a tenant told him that there was no Wanda Amann there. (Ex. 3.)

12. Ms. Amann refused to respond to emails sent by Defendant's counsel to the address she used to communicate with the court reporter as recently as August 16, 2021. (Ex. 5.)

13. Defendant filed a Motion to Compel Production of Documents or for Alternative Service with the Utah federal court on October 5, 2021, (MTC, attached hereto as Exhibit 9), which was granted on October 25, 2021. (Order, attached hereto as Exhibit 10). The Utah federal magistrate court order found "good cause to believe Ms. Amann is avoiding service" and allowed Defendant to serve Ms. Amann at her email addresses. *(Id.)*

14. Defendant served its renewed subpoena on Ms. Amann via email on October 26, 2021, identifying the place of production as a deposition officer in Arizona or Defendant's counsel's address in Utah. (Renewed Subpoena, attached hereto as Exhibit 11.)

15. Defendant sent a copy of the subpoena to Ms. Amann's email addresses: wa5239@msn.com, wandaamann@gmail.com. (Ex. 4.) Ms. Amann used email to correspond with other witnesses and the court reporter as recently as May and August 2021. (Ex. 5.)

16. Ms. Amann did not respond to the subpoena.

7

17. On November 25, 2021, Ms. Amann hand delivered to MHR & Associates, at 543 East Andy Devine Ave., Kingman, Arizona 86401, a "Motion to Quash Subpoena." (MTC, Ex. 12.) That motion has not been filed with any court.

18. Defendant treats Ms. Amann's "Motion to Quash" as objections under Rule 45(d)(2)(B). However, none of Ms. Amann's objections support her continued refusal to respond. As a compromise and to address those objections, Defendants' counsel agreed to limit the subpoena. (*See* email correspondence, attached hereto as Exhibit 13.)

19. First, Ms. Amann objected that the subpoena was unduly burdensome due to her "doctor's orders to refrain from work at least until January 2, 2022 due to her injuries." (Ex. 12, p. 3). In light of the passage of time and Ms. Amann's recent appearance with Mr. Amann as his paralegal at April 7th, August 10th, and August 11, 2022 hearings in his State government records case, this burden no longer exists.

20. Second, the spousal privilege does not apply to all of Ms. Amann's responsive communications. Ms. Amann has communicated with third parties regarding her husband and the claims in this case. For example, Ms. Amann sent emails to Attorney General Reyes's campaign manager about Amann's claims and lobbied for his promotion; received emails forwarding information from former AGO attorney Jason Hanks, and received via blogger Lynn Packer "some kind of retaliatory statement" against her husband. (W. Amann Dep., 46-51, 124-129, 143-44, Ex. 1.) Such documents are not protected by a spousal privilege. Defendant has agreed to not seek communications between Ms. Amann and Plaintiff, unless a third party was copied or otherwise included in the communication.

21. Further, even if the privilege could apply, Ms. Amann refuses to provide information necessary to substantiate and allow Defendant to evaluate her claims of privilege (i.e., a privilege log).

22. Ms. Amann's remaining objections based on irrelevance and duplication are not proper under Rule 45(d)(3)(A)(i), which limits a non-party's objections.

23. To date, Ms. Amann has not responded to any emails from Defendant's counsel, including those serving the subpoena and later asking her to meet and confer regarding her objections.

24. Defendant filed a Motion to Compel Ms. Amann's compliance with the subpoena on April 26, 2022. (MTC, attached hereto as Exhibit 14.)

25. On July 8, 2022, Judge Oberg denied Defendant's Motion to Compel, citing issues of jurisdiction. Thus, Defendant files this motion to properly compel Ms. Amann's compliance with this Court which has jurisdiction over Wanda Amann. (Ex. 7.)

## IV. RELIEF SOUGHT BY DEFENDANT

Defendant has attempted to secure the requested documentation for several months, yet Ms. Amann has eluded service and even after receiving the subpoena via email, failed to produce any documents. To avoid the need for court involvement, Defendant agreed to eliminate duplication by excluding communications with Defendant's employees. (Ex. 13.) In addition, Defendant agreed to not seek communications between Ms. Amann and Plaintiff, unless a third party was copied or otherwise included in the communication. (*Id.*)

Defendant, therefore, respectfully requests that the Court enter an Order compelling Ms. Amann to produce the documents sought in the subpoena, as limited above, within ten (10)

business days of this Court's order.

In addition, Defendant requests reasonable attorney's fees associated with this Motion to Compel. Fed. R. Civ. P. 37(a)(5) ("[T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Defendant will provide an affidavit concerning the amount of reasonable attorney's fees at the hearing on this motion or as otherwise directed by the Court.

## CONCLUSION

After Ms. Amann's efforts to evade service, Defendant served the subpoena on Ms. Amann via email pursuant to the Utah Court's order allowing such service. There is no question that Ms. Amann received the subpoena, as evidenced by her unfiled Motion to Quash. Her objections to the subpoena are unfounded. Accordingly, Defendant respectfully requests that the Court compel Ms. Amann to comply with its subpoena.

## CERTIFICATE OF GOOD FAITH

Pursuant to Rule 37(a)(1), Fed. R. Civ. P. and Local Rule 7.2(j), undersigned counsel hereby certifies that that this petition is presented in good faith. Counsel attempted to have Ms. Amann served at her address of record. When that was unsuccessful, counsel attempted to contact Ms. Amann via email and obtain an alternative address for service. Counsel has contacted Ms. Amann's husband's counsel to request that she accept service (as she has done previously). In addition, counsel contacted Ms. Amann via email and offered to narrow the scope of the subpoena. Despite these sincere efforts to satisfactorily resolve this matter without court intervention, Ms. Amann still has not produced documents in response to the subpoena nor has

she responded to counsel's efforts to meet and confer. Accordingly, this issue cannot be resolved without court intervention.

DATED this 24th day of August, 2022.

                                                    RAY QUINNEY & NEBEKER

                                                    */s/ D. Zachary Wiseman*
                                                    D. Zachary Wiseman
                                                    Liesel B. Stevens
                                                    Beth J. Ranschau

                                                    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2022, a true and correct copy of the foregoing **MOTION TO COMPEL AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** was filed with the Clerk of Court using the Arizona Trial Court/ECF system and served electronically on the following:

April Hollingsworth
Katie Panzer
Hollingsworth Law Office
1881 South 1100 East
Salt Lake City, Utah 84105
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com

and a copy of the Motion was hand-delivered as follows:

Wanda Amann
Matheson Courthouse
450 S State Street
Salt Lake City, UT 84111

                                            */s/Lori McGee*

1612027-v1