1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Paul G Amann,                                    No. MC-22-08003-PCT-DWL

10              Plaintiff,                              **ORDER**

11   v.

12   Attorney General of the State of Utah, et al.,

13              Defendants.

14          On August 24, 2022, the Office of the Utah Attorney General ("the Utah AG")

15   initiated this miscellaneous case by filing the motion to compel.  (Doc. 1.)  The Utah AG

16   requested an order to compel Wanda Amann to comply with a subpoena duces tecum

17   relating to an action pending in the United States District Court of the District of Utah, in

18   which the Utah AG is the defendant and Ms. Amann's husband is the plaintiff.  (*Id.* at 1-

19   2.)  According to the motion, Ms. Amann was disclosed as a witness by her husband, was

20   deposed, and testified under oath that she resides at a specific address in Arizona and that

21   she has documents in her possession relevant to the claims in that action.  (*Id.* at 2.)  The

22   Utah AG obtained a subpoena duces tecum, but Ms. Amann "refused to accept service of

23   this subpoena through Mr. Amann's counsel," and a tenant at the Arizona address Ms.

24   Amann had provided "informed the process server that there was no Wanda Amann there."

25   (*Id.*)  The Utah AG sought and obtained leave from the District of Utah to serve Ms. Amann

26   via email.  (*Id.*)  The Utah AG emailed the subpoena to Ms. Amann at two email addresses

27   she had used "to correspond with other witnesses and the court reporter as recently as May

28   and August 2021."  (*Id.* at 2-3.)  Ms. Amann did not substantively respond to the subpoena.

1    (*Id.* at 3.)  Instead, Ms. Amann "hand delivered" a motion to quash the subpoena to the

2    place where the subpoena required the production of documents but did not file the motion.

3    (*Id.* at 8.)  "As a compromise and to address those objections," the Utah AG "agreed to

4    limit the subpoena."  (*Id.*)  Ms. Amann never responded to the subpoena or to the Utah

5    AG's efforts to efforts to meet and confer (*id.* at 9), necessitating the motion to compel.[1]

6            On August 24, 2022, the date on which the motion was filed, Utah AG's counsel,

7    Liesel B. Stevens, served the motion and subpoena on Ms. Amann via hand delivery in

8    courtroom N45 of the Matheson Courthouse at 450 S. State Street, Salt Lake City.  (Doc.

9    5 at 1; Doc. 5-1 at 3.)

10           Ms. Amann did not respond to the motion to compel by the response deadline, nor

11   did she file a motion to extend the deadline.

12           On September 30, 2022, the Court granted the motion to compel as unopposed

13   pursuant to LRCiv 7.2(i) and ordered Ms. Amann to comply with the subpoena, under

14   penalty of contempt, by October 13, 2022.  (Doc. 7.)

15           On October 13, 2022, the deadline for Ms. Amann's compliance with the subpoena

16   under this Court's order, Ms. Amann filed a motion to allow electronic filing by a party

17   without an attorney (Doc. 8), a notice of special limited appearance for the purpose of

18   moving to vacate the Court's order (Doc. 9), and a motion to vacate the order due to failure

19   of service and concomitant lack of jurisdiction (Doc. 10).

20           The Court will grant the motion to allow electronic filing.

21           The arguments in Ms. Amann's notice and motion to vacate the Court's order

22   compelling her to comply with the subpoena are without merit.  Ms. Amann states that she

23   has never been served, despite having been personally handed the motion to compel and

24   subpoena, because they were handed to her by an attorney rather than by a process server.

25   Although Ms. Amann does not explain in the motion why she believes an attorney cannot

26   serve a subpoena, in her notice she cites Rule 4(d) of the Federal Rules of Civil Procedure

27

28   _____

     [1]     The motion to compel was originally filed in the District of Utah, but it was denied
     for lack of jurisdiction.  (Doc. 1 at 9.)

1    and, in a footnote, seems to suggest that this federal rule states that service "must be made

2    by a sheriff, a sheriff's deputy, a constable, a constable's deputy, a private process server

3    certified under the Arizona Code of Judicial Administration § 7-204 and Rule 4(e), or any

4    other person specifically appointed by the court." (Doc. 9 at 4 n.2.)  Ms. Amann also cites

5    Federal Rule 4(d) for the proposition that "an attorney . . .  in the action in which process

6    is served" cannot serve process. (*Id.* at 5.)

7          These arguments lack merit because the quoted language is not a part of the federal

8    rules regarding service.  Instead, it was taken from Rule 4(d) of the *Arizona* Rules of Civil

9    Procedure, which are inapplicable to this Court in this context.[2]  Rather, Rule 4(c)(2) of the

10   Federal Rules of Civil Procedure provides that service of the summons and complaint may

11   be accomplished by "[a]ny person who is at least 18 years old and not a party."  Similarly,

12   Rule 45(b) of the Federal Rules of Civil Procedure provides that "[a]ny person who is at

13   least 18 years old and not a party may serve a subpoena."  Ms. Stevens, the attorney who

14   served the subpoena on Ms. Amann, is a "person who is at least 18 years old and not a

15   party," and therefore she is competent to effectuate service of the subpoena and the motion

16   to compel compliance with the subpoena (which was the document used to initiate this

17   miscellaneous action).

18         Ms. Amann also appears to argue in her notice that because she "does not reside in

19   Utah," personally serving her by handing her the motion and subpoena while she was

20   physically in Utah was insufficient service. (Doc. 9 at 2.)  Ms. Amann cites no law in

21   support of this proposition, and to the extent Rule 4(e)(2)(B) applies here, it makes clear

22   that personal service is an appropriate means of serving a case-initiating document.  Ms.

23   Amann also affirmatively states that she "resides in Arizona" (Doc. 9 at 3), so it is unclear

24   why she believes that her vehement disavowal of residence or business connections in Utah

25

26   [2]    Ms. Amann, at one point in the notice, directs the Court to "[s]ee Arizona local
     federal rules." (Doc. 9 at 5.)  To be clear, the Arizona Rules of Civil Procedure, the Federal
27   Rules of Civil Procedure, and this Court's Local Rules ("LR Civ") are three different sets
     of rules.  The second and third are applicable to this Court, whereas the first are applicable
28   to the courts of the state of Arizona (except when, unlike here, a party seeks to rely on
     state-law service rules under Rule 4(e)(1)).

- 3 -

1   would deprive this Court—the District of Arizona—of jurisdiction.

2          Ms. Amann also asserts that "discovery is closed" in the underlying action, which

3   she asserts deprives this Court of subject-matter jurisdiction. (*Id.*)  Again, Ms. Amann cites

4   no law in support of this proposition.

5          Ms. Amann asserts that service is ineffective unless and until she files an

6   "Acceptance of Service."   (*Id.* at 5-6).  Again, Ms. Amann cites no law in support of this

7   proposition.

8          Finally, Ms. Amann asserts that "service via email was not duly authorized."  (*Id.*

9   at 9.)  Ms. Amann appears to conflate two separate service efforts—those effectuated for

10  the proceeding in the District of Utah and those effectuated for the proceeding here.  At

11  any rate, the service at issue here was done by means of hand-delivery, so the assertion that

12  service via email was unauthorized has no bearing on whether the service here was

13  adequate.

14         Accordingly,

15         **IT IS ORDERED granting** the motion to allow electronic filing by a party

16  appearing without an attorney (Doc. 8) in this case only.  The party is required to comply

17  with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing

18  Administrative Policies and Procedures Manual, have access to the required equipment and

19  software, have a personal electronic mailbox of sufficient capacity to send and receive

20  electronic notice of case related transmissions, be able to electronically transmit documents

21  to the court in .pdf, complete the necessary forms to register as a user with the Clerk's

22  Office within five days of the date of this Order (if not already on file), register as a

23  subscriber to PACER (Public Access to Electronic Records) within five days of the date of

24  this Order (if this has not already occurred), and comply with the privacy policy of the

25  Judicial Conference of the United States and the E-Government Act of 2002.  Any misuse

26  of the ECF system will result in immediate discontinuation of this privilege and disabling

27  of the password assigned to the party.

28         **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of

1    this Order to Beth Stephenson, Attorney Admissions/Admin Clerk.

2        **IT IS FURTHER ORDERED** that Ms. Amann's motion to vacate the order to

3    compel (Doc. 10) is **denied**.

4        **IT IS FURTHER ORDERED** that Ms. Amann shall comply with the subpoena,

5    under penalty of contempt, by **October 22, 2022**.

6        Dated this 19th day of October, 2022.

7

8

9                                          Dominic W. Lanza
                                           United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28