**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul G. Amann,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Attorney General of the State of Utah, et al.,<br><br>　　　　　Defendants. | No. MC-22-08003-PCT-DWL<br><br>**ORDER** |

　　　　On August 24, 2022, the Office of the Utah Attorney General ("the Utah AG") initiated this miscellaneous case by filing the motion to compel. (Doc. 1.) The Utah AG requested an order to compel Wanda Amann to comply with a subpoena duces tecum relating to an action pending in the United States District Court of the District of Utah, in which the Utah AG is the defendant and Ms. Amann's husband is the plaintiff. (*Id.* at 1-2.)

　　　　Ms. Amann did not respond to the motion to compel by the response deadline, nor did she file a motion to extend the deadline.

　　　　On September 30, 2022, the Court granted the motion to compel as unopposed pursuant to LRCiv 7.2(i) and ordered Ms. Amann to comply with the subpoena, under penalty of contempt, by October 13, 2022. (Doc. 7.)

　　　　On October 13, 2022, the deadline for Ms. Amann's compliance with the subpoena under this Court's order, Ms. Amann filed a motion to vacate the order due to failure of service and concomitant lack of jurisdiction. (Doc. 10.)

On October 19, 2022, the Court denied Ms. Amann's motion to vacate its September 30, 2022 order as "without merit" and extended the deadline for Ms. Amann to comply with the subpoena, "under penalty of contempt," to October 22, 2022. (Doc. 11.)

Ms. Amann did not comply with the subpoena by October 22, 2022.

On October 28, 2022, Ms. Amann filed a motion asking the Court to reconsider its October 19, 2022 order declining to vacate its September 30, 2022 order. Ms. Amann repeats her position that "discovery is closed" in the District of Utah case, such that this Court lacks jurisdiction due to the "law of the case" doctrine. (Doc. 12.)

Putting aside any procedural impropriety in Ms. Amann choosing not to respond to the motion to compel until after the Court's ruling and then asking—twice—that the Court reconsider it, Ms. Amann's position still lacks merit.

The District of Utah case, *Amann v. Office of the Utah Attorney General et al*, 2:18-cv-00341-JNP-DAO, lacks an order specifying whether a subpoena as to Ms. Amann may issue. On March 1, 2022, Judge Parrish ordered that the fact discovery deadline was extended to three weeks after a ruling issued on a certain motion. (Doc. 240.) That ruling issued on May 13, 2022 (Doc. 251), making the fact discovery deadline June 3, 2022. But before that deadline—before even the ruling that triggered the deadline—on April 26, 2022, the Utah AG filed a motion to compel Ms. Amann's production of documents. (Doc. 250.) According to that motion, attempts to serve the subpoena began in August 2021. (*Id.* at 2.) On August 8, 2022, Magistrate Judge Oberg denied the motion because it was not properly brought in the District of Utah. (Doc. 267.) This order never so much as hinted that Ms. Amann could evade compliance with the subpoena because she ignored it for so long that a discovery deadline lapsed in the meantime. Moreover, discovery in the District of Utah case remains ongoing—discovery disputes are still being resolved, and a discovery stay flag remains on the action. There is no "law of the case" that deprives this Court of jurisdiction, and Ms. Amann cannot delay any longer—she must comply with the Court's subpoena or prepare to show cause why

1    she should not be sanctioned for contempt of court.

2    Accordingly,

3    **IT IS ORDERED** that Ms. Amann's motion for reconsideration (Doc. 12) is
4    **denied**.

5    **IT IS FURTHER ORDERED** that if Ms. Amann does not comply with the
6    subpoena by **November 2, 2022**, the Utah AG shall notify the Court and the Court will
7    schedule a contempt hearing.

8    Dated this 31st day of October, 2022.

_____
Dominic W. Lanza
United States District Judge