WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul G. Amann,<br><br>        Plaintiff,<br><br>v.<br><br>Attorney General of the State of Utah, et al.,<br><br>        Defendants. | No. MC-22-08003-PCT-DWL<br><br>**ORDER** |

      Pending before the Court is Wanda Amann's untimely motion to quash the subpoena at issue in this miscellaneous action. (Doc. 14.) This motion is, in essence, Ms. Amann's third challenge to the Court's September 30, 2022 order granting the Utah Attorney General's ("the Utah AG") motion to compel compliance with the subpoena. (Doc. 7.) Previously, Ms. Amman moved to vacate that order (Doc. 10) and for reconsideration of that order (Doc. 12), but the Court denied both requests. (Docs. 11, 13.) The pending request is denied for similar reasons. Ms. Amman had an opportunity to respond, on the merits, to the Utah AG's motion to compel when she was served with it, but she forfeited that opportunity by choosing not to respond or otherwise participate in this action until after the motion had been granted. Ms. Amman has been repeatedly advised of her obligation to comply with the subpoena and may not file any further motions disputing that obligation.

      Also pending is the Utah Attorney General's ("the Utah AG") request that the Court schedule a hearing for Ms. Amann to show cause why she should not be held in contempt

(Doc. 15), which is responsive to the Court's October 31, 2022 order. (Doc. 13.) That request is granted. Rule 45(g) of the Federal Rules of Civil Procedure provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "Often contempt proceedings will be initiated by an order to show cause . . . . Disobedience of [an order to comply with a subpoena] may be treated as contempt." Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment.

Furthermore, "[u]nder the federal recalcitrant witness statute,[1] when a witness refuses to testify or provide other information, including documentary evidence, the court 'may summarily order his confinement . . . until such time as the witness is willing to give such testimony or provide such information.'" *Invesco High Yield Fund v. Jecklin*, 10 F.4th 900, 901 (9th Cir. 2021) (quoting 28 U.S.C. § 1826(a)).

To establish civil contempt, the Utah AG must show by clear and convincing evidence that Ms. Amann "violated a specific and definite order of the court." *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The Court's September 30, 2022 order granting the motion to compel (Doc. 7) is "a specific and definite order of the court which would justify a finding of contempt," *Invesco High Yield Fund v. Jecklin*, 2021 WL 1234503, *4 (D. Nev. 2021), as are the Court's subsequent orders extending the compliance deadline (which has since expired) (Docs. 11, 13). *See also Sell v. Country Life Ins. Co.*, 2017 WL 5713885, *5 (D. Ariz. 2017) ("Rule 45(g) authorizes contempt sanctions not only for non-compliance with a subpoena but also for non-compliance of subpoena-related orders.). Therefore, the Utah AG need only show by clear and convincing evidence that Ms. Amann violated one or more of these orders by failing to comply. If the Utah AG does so, the burden will shift to Ms. Amann to demonstrate that she has taken "every reasonable step to comply." *Stone*, 968 F.2d at 856 n.9. "The contempt 'need not be willful,' and there is no good faith exception to the requirement of

---

[1] This statute applies "not only to a refusal to testify but also to a refusal to provide other information," including responses to "requests for the production of documents," and specifically "to an individual who fail[s] to provide documents in response to a subpoena duces tucem." *Invesco High Yield Fund v. Jecklin*, 10 F.4th 900, 903-04 (9th Cir. 2021).

- 2 -

obedience to a court order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citation omitted).

Ms. Amann is on notice that, pursuant to Rule 45(g) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1826(a), her continued noncompliance with the subpoena may subject her to arrest and confinement of up to 18 months and/or a daily fine as coercive measures. "[I]mprisonment under the recalcitrant witness statute is a coercive remedy, the sole purpose of which is to compel the production of information pursuant to court order." *Jecklin*, 10 F.4th at 904. "[I]n determining how large a coercive sanction should be the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (internal quotation marks omitted). Ms. Amann may also be ordered to pay the Utah AG's attorneys' fees. As the Ninth Circuit has explained, "[c]ivil contempt sanctions . . . are employed for two purposes: to coerce the [contemnor] into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

Accordingly,

**IT IS ORDERED** that Ms. Amann's untimely motion to quash (Doc. 14) is **denied**. Ms. Amann may not file any further motions challenging the Court's ruling that she must comply with the subpoena.

**IT IS FURTHER ORDERED** that the Utah AG's request that the Court schedule a hearing for Ms. Amann to show cause why she should not be held in contempt (Doc. 15) is **granted**.

**IT IS FURTHER ORDERED** that a show-cause hearing is set for **November 15, 2022 at 1:30 p.m.** in Courtroom 601 to address whether Ms. Amann should be held in civil contempt and/or confined pursuant to the federal recalcitrant witness statute.

Dated this 4th day of November, 2022.

Dominic W. Lanza
United States District Judge

- 3 -